DECISION AND JOURNAL ENTRY UPON RECONSIDERATION
{¶ 1} Appellant, Pacific Employers Insurance Company ("Pacific"), appeals from a judgment of the Medina County Court of Common Pleas in favor of Appellees, Joshua M. Wayne and Community Insurance Company dba Anthem Blue Cross and Blue Shield ("Anthem"). We reverse and remand.
 I. {¶ 2} On June 3, 2001, Joshua Wayne was injured in a motor vehicle collision caused by the negligence of Edward Pamer. Wayne settled his claim against Pamer for $300,000, the liability limit of Pamer's insurance policy. Wayne's damages exceeded this sum.
 {¶ 3} At the time of the accident, Wayne was employed by Speedway SuperAmerica LLC ("Speedway"), a subsidiary of USX Corporation ("USX"). Speedway was one of the named insureds on a business auto policy ("the Pacific policy") issued by Pacific to USX. The Pacific policy provided a $5,000,000 per occurrence liability limit and imposed a matching $5,000,000 deductible. On December 23, 2002, Wayne filed a complaint with the Medina County Court of Common Pleas, seeking, among other things not relevant to this appeal, a declaration that he is entitled to underinsured motorist ("UIM") coverage under the Pacific policy.
 {¶ 4} Both Wayne and Pacific submitted motions for summary judgment on the issue of coverage. Wayne contended that UIM coverage was not validly offered and rejected; consequently, Wayne reasoned, UIM coverage is part of the Pacific policy by operation of law, pursuant to the applicable version of R.C.3937.18.[1] Wayne maintained that he is eligible for this UIM coverage pursuant to Scott-Pontzer v. Liberty Mut. Fire Ins.Co. (1999), 85 Ohio St.3d 660. Pacific responded with three arguments in its combined motion for summary judgment and memorandum opposing Wayne's motion for summary judgment. Pacific contended that Speedway is self-insured, rendering the mandatory offer provision of former R.C. 3937.18 inapplicable; that Wayne does not qualify as an insured under the policy; and that, in any event, UIM coverage was validly offered and rejected.
 {¶ 5} On August 13, 2002, the trial court granted summary judgment to Wayne, finding that the rejection of uninsured/underinsured ("UM/UIM") coverage was invalid, and that "[a]s a matter of Ohio law, [Wayne] is an `insured' for UM/UIM coverage of up to $5,000,000 under this policy." The parties subsequently stipulated to damages. Pacific reserved its right to raise any defenses to coverage on appeal. On November 4, 2002, the trial court entered final judgment in favor of Wayne, and also in favor of Wayne's medical insurer, Anthem, on its subrogation claim. The trial court rejected Pacific's argument that the judgment is subject to the $5,000,000 deductible. This appeal followed.
 {¶ 6} Appellant raises two assignments of error, which we shall rearrange for ease of analysis.
 Second Assignment of Error
"The trial court erred in not applying the deductible to the appellee[s'] judgment."
 {¶ 7} In its second assignment of error, Appellant argues that the trial court erred by determining that the Pacific policy's $5,000,000 deductible does not apply against the judgment awarded to the Appellees. We agree.
 {¶ 8} It is well established that an insurance policy is a contract, and therefore must be construed so as to fulfill the intent of the parties. Nationwide Mut. Ins. Co. v. Marsh
(1984), 15 Ohio St.3d 107, 109; Skivolocki v. East Ohio Gas Co. (1974), 38 Ohio St.2d 244, 247. This rule of construction counsels a distinction between (1) restrictions on specific coverages and (2) general conditions to recovery, for the purpose of determining the availability of UM/UIM coverage which is part of an insurance policy by operation of law rather than by agreement.
 {¶ 9} By its very nature, UM/UIM coverage which becomes part of an insurance policy by operation of law is coverage which was not contemplated by the parties to that policy. It follows that contractual restrictions targeted at the scope of the liability coverage created by the terms of the policy may not simply be transferred over to UM/UIM coverage which is created by operation of law. See Demetry v. Kim (1991), 72 Ohio App.3d 692, 698;Scott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999),85 Ohio St.3d 660, 666. Because the parties did not contemplate UM/UIM coverage, it cannot be said that they intended for such coverage to be diminished by the negotiated restrictions imposed upon the contractual liability coverage. Id.
 {¶ 10} In contrast, general, predicative conditions to coverage do apply to UM/UIM coverage inserted into liability insurance policies by operation of law. Alexander v. Erie Ins.Co., 9th Dist. No. 21505, 2003-Ohio-4785, at ¶ 6. Rather than defining the scope of specific types of coverage created by the terms of the policy, such general conditions serve as prerequisites to recovery under the policy as a whole. Unless the policy expressly provides otherwise, it is reasonable to conclude that the parties intended for such conditions to apply regardless of the type of coverage at issue. See Luckenbill v. MidwesternIndemnity Co. (2001), 143 Ohio App.3d 501, 507.
 {¶ 11} The deductible in the Pacific policy functions as a general, predicative condition, and not as a restriction. The deductible endorsement provides that Pacific's obligation to pay damages under the policy arises only after the deductible is exhausted. In other words, exhaustion of the deductible is a prerequisite to recovery under the policy, rather than a limitation upon a specific coverage. The language of the policy evinces an intent that the deductible be applied to the policy at large. The deductible endorsement is not limited to a particular type of coverage; instead, as the heading of the endorsement explains, it "modifies insurance provided under the * * * Business Auto Coverage Form." This form encompasses all of the coverages provided under the policy.
 {¶ 12} Assuming, for the sake of argument, that Wayne is insured by the Pacific policy, and that UM/UIM coverage is part of that policy by operation of law, he and Anthem are nonetheless precluded from recovering the judgment awarded. Because the policy's deductible is a condition to coverage, it would apply to UM/UIM coverage created by operation of law. The $5,000,000 deductible should have been applied against the judgment.
 {¶ 13} Appellant's second assignment of error is sustained.
 First Assignment of Error
"The trial court erred in granting plaintiff-appellee's motion for summary judgment."
 {¶ 14} In its first assignment of error, Pacific challenges the grant of summary judgment to Wayne on the issue of coverage. Given this Court's resolution of its second assignment of error, Appellant's first assignment of error is rendered moot. See App.R. 12(A)(1)(c).
 III. {¶ 15} The Appellant's second assignment of error is sustained and its first assignment of error is moot. The judgment of the Medina County Court of Common Pleas is reversed, and the cause is remanded for proceedings consistent with this decision.
Judgment reversed, and cause remanded.
Slaby, P.J., concurs
Carr, J., concurs in judgment only
[1] "For the purpose of determining the scope of coverage of an underinsured motorist claim, the statutory law in effect at the time of entering into a contract for automobile liability insurance controls the rights and duties of the contracting parties." Ross v. Farmers Ins. Group of Cos. (1998),82 Ohio St.3d 281, syllabus. The effective date of the Pacific policy was May 1, 1999. Therefore, the version of R.C. 3937.18 in effect on May 1, 1999 applies to this case.